#400

GAM

UNITED STATES DISTRICT COURT EASTERN DISTRICT COURT OF PENNSYLVANIA

READING, PENNSYLVANIA

CIVIL ACTION

Tamino Minerals, Incorporated
Blvd. Hidalgo 67
Hermosillo, Sonora, Mexico
PH: 480-409-4233

Plaintiffs,

vs.

Beaufort Capital Partners, LLC
660 White Plains Road
Tarrytown, NY 10591
PH: 914-332-4500
F: 914-332-4577

Defendants

Case No.: 15 5126

Complaint For Declaratory Relief, Injunction and Damages

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER

Comes now, TAMINO MINERALS, INCORPORATED, Plaintiff hereby files its Complaint for Declaratory Relief, Injunction and Damages, pursuant to Federal Rules of Civil Procedure Rule 65(b) and 65(d).

## STATEMENT OF THE PARTIES

1. Plaintiff Tamino Minerals, Incorporated is a Pennsylvania corporation duly registered and in good standing.
2. Plaintiff is a non-reporting public company listed on the over the counter market (Pinksheets) with the symbol TINO.

3. Plaintiff obtained the Pinksheet listing as part of a forward acquisition with eGames, Inc. (OTC Pink:EGAM), a Pennsylvania company specializing in development of electronic games.
4. Prior to the forward acquisition eGames, Inc. had acquired Heyday Games, Inc. including all debt owed by Heyday Games, Inc.
5. Creative Capers, Inc. was owed $50,000 by HeyDay Games, Inc. as represented on two invoices dated November 29, 2011, Invoice #2601 for $25,000 and January 31, 2012, Invoice 2613 for $25,000.
6. Plaintiff entered into an agreement with Defendant on or about July 29, 2014.
7. As part of the agreement between the parties Defendant purchased the Note issued to Creative Capers, Inc. for the past due invoices in the amount of $50,000.
8. As part of the agreement between the parties Defendant provided a direct investment of $50,000 for use in Plaintiff's business are established in the "Original Issue Discount Convertible Promissory Note" executed on August 7, 2014. The note has a Face Value of $75,000.
9. The "Original Issue Discount Convertible Promissory Note" carries a maximum interest rate of 22%
10. Paragraph 1(a) of the "Original Issue Discount Convertible Promissory Note" states "the Company (Plaintiff) may prepay this Note at the larger dollar amount of either a fixed price of .50 per share conversion request OR for a net payment of $75,000.00 at any time prior to November 7, 2014. If either the conversion shares or the $75,000.00 is not prepaid by November 7. 2014, seller (Defendant) has the right to refuse any further payments and choose to convert this note when is has matures 180 days after payment of this $50,000.00".
11. Paragraph 4(a)(1) of the "Original Issue Discount Convertible Promissory Note" states "Payees's Conversion Right. At any time after the Maturity Date until this Note is no

longer outstanding, this Note, including interest and principal, shall be convertible into shares of Common Stock at the lower of a fixed price per share of $0.01 or 50% off the lowest traded price the prior twenty days (the "Conversion Feature") at the option of the Payee, in whole at any after the Maturity Date".

12. The "Original Issue Discount Convertible Promissory Note" was signed by both parties.

13. The "Original Issue Discount Convertible Promissory Note" was written by the Defendant.

14. Defendant has converted debt from the Creative Capers Note to common stock starting immediately upon execution of the Agreement and Note. Defendant obtained a total of 4,405,556 shares which were converted in accordance with the both notes at the lower of $0.01 or ½ the lowest trading price of the prior 20 trading days and sold the shares at market price for the common stock.

15. Defendant has converted debt from the "Original Issue Discount Convertible Promissory Note" to common stock. Defendant has to obtain a total of 3,103,448 shares at the lower of $0.01 or ½ the lowest trading price of the prior 20 trading days and sold the shares at market price.

16. Plaintiff sent $17,000.00 via wire to Defendant to retire the "Original Issue Discount Convertible Promissory Note". The $17,000.00 was based on the amount of debt converted to common stock as estimated by the Plaintiff's transfer agent, Pacific Stock Transfer.

17. Defendant has refused to execute the settlement documents.

18. Defendant is currently trying to convert its valuation of the remaining balance of the "Original Issue Discount Convertible Promissory Note" into common stock shares at the lower of $0.01 or ½ the lowest trading price of the prior 20 trading days and sold the shares at market price.

PREDATORY LENDING PRACTICES/USURY INTEREST RATES

19. Plaintiffs incorporates all prior paragraphs as if set out here in full.

20. Plaintiffs were targeted and steered into a predatory loan which carries an interest rate of approximately 200% per year.

21. As part of the Note the Defendant accepted common stock valued at amounts exceeding the usury limits. See 852 N.Y.S2nd 736, 740-42 (N.Y. Sup. Ct. 2008).

22. Defendant is subject to New York State Criminal Usury laws, N.Y Penal Law ss190.40 which states "A person is guilty of criminal usury in the second degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance or any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period. Criminal usury in the second degree is a class E felony."

23. Defendant is subject to New York State Criminal Usury laws, N.Y Penal Law ss190.40 which states "A person is guilty of criminal usury in the first degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period and either the actor had previously been convicted of the crime of criminal usury or of the attempt to commit such crime, or the actor's conduct was part of a scheme or business of making or collecting usurious loans. Criminal usury in the first degree is a class C felony".

24. As a result of the Defendant's predatory lending practices, the Plaintiff has been injured and allowance of the conversion of debt to stock will further injure the Plaintiff.

25. The Plaintiff claims all damages as allowed by law for the wrongful acts of the Defendant.

FRAUD IN THE EXECUTION

26. Plaintiff re-allege all prior paragraphs as if set out here in full.

27. The Plaintiffs ceased contact with the Defendant on or about October 6, 2014.

28. As part of the inducement to have the Transfer Agent issue the converted shares of common stock the Defendant produced a "Unanimous Consent in Lieu of a Special Meeting" corporate document attributable to the Plaintiff dated February 7, 2015.

29. Plaintiff has no record in its corporate records of the "Unanimous Consent in Lieu of a Special Meeting".

30. The Directors of the Plaintiff at on February 7, 2015 were Mr. Joseph Berry and Mr. Pedro Villagran Garcia.

31. The "Unanimous Consent in Lieu of a Special Meeting" is only has the purported signature of Mr. Villagran Garcia and does not have any signature of Mr. Berry.

32. It is Plaintiff's belief that the signature of Mr. Villagran Garcia is a duplicate from other signed documents that the Defendant had access to.

33. As part of the conversion submittal the Defendant submitted an "Officers' Certificate dated October 1, 2014. Plaintiff has no record of this document being approved or executed. The signature on this document appears to be an irregular copy of Mr. Villagran Garcia's signature.

34. As a result of the Defendant's acts of fraud in the execution, the Plaintiff has been injured and damaged in that the Plaintiff's stock trading value was diminished resulting in financial damages.

35. The Plaintiff claims all damages as allowed by law for the wrongful acts of the Defendants and joint venturers against them.

UNJUST ENRICHMENT

36. Plaintiffs re-allege all prior paragraphs as if set out here in full.

37. The actions of Defendant in violation of law resulted in Defendants being unjustly enriched by the payment of fees and stock conversions.
38. Defendants have received the money and the stock.
39. As a result of the Defendant's Unjust Enrichment, the Plaintiff has been injured and damaged resulting in financial damages.
40. The Plaintiff claim all damages as allowed by law for the wrongful acts of the Defendant against them

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff, Tamino Minerals, Incorporated, having set forth their claims against the Defendants respectfully request of the Court as follows:

41. That this Court enter an Emergency Order to vacate the conversion of any claimed debt for common stock in Plaintiff's company;
42. That the Defendants be permanently enjoined from any and all further attempts to convert any claimed remaining debt as represented by the Note into Plaintiff's common stock.
43. That Plaintiff have and recover against Defendant all costs associated with attorney fees, filing costs and other associated fees for preparation, filing and execution of this complaint
44. That Plaintiff have and recover against Defendant a sum to be determined by a jury of their peers in the form of actual damages;
45. That Plaintiff have and recover against Defendant a sum to be determined by a jury of their peers in the form of punitive damages;
46. Rescission of the entire Note amounting cancellation of the debt as a result of the aforementioned;
47. Damages as a result of the aforementioned violations, to be fixed and awarded by the

Court;

48. Cost of litigation as provided in Title 15 United States Code, Section 1601 et. seq.;

49. Any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

THE PLAINTIFFS, TAMINO MINERALS, INCORPORATED hereby demand a trial by a struck jury on all claims so triable before the court.

Donald R. Kerr PA 76208

20 BRINKER DR
DOYLESTOWN, PA 18901
215-962-9378

UNITED STATES DISTRICT COURT EASTERN DISTRICT COURT OF PENNSYLVANIA

READING, PENNSYLVANIA

CIVIL ACTION

Tamino Minerals, Incorporated
Blvd. Hidalgo 67
Hermosillo, Sonora, Mexico
PH: 480-409-4233

Plaintiffs,

vs.

Beaufort Capital Partners, LLC
660 White Plains Road
Tarrytown, NY 10591
PH: 914-332-4500
F: 914-332-4577

Defendants

Case No.: ____________________

Complaint For Declaratory Relief,
Injunction and Damages

CERTIFICATION OF SERVICE

I, Donald Keer, the Plaintiff's attorney, do hereby certify that I sent a true and correct copy of the attached Complaint via U.S. Regular Mail and via fax at 914-332-4577 to the Plaintiff on September 8, 2015 to the above listed addresses.

Donald R. Keer, Esq.
Attorney ID No.: 76208